UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, | ) ) ) | |
| | ) | Civil Action No. 3:21-cv-048-CHB |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| ALLISON HORNUNG, et al., | ) ) ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Motion to Deposit Interpleader Funds filed by Plaintiff Colonial Life & Accident Company ("Colonial Life"), [R. 3]; the Motion for Default Judgment against Defendant Allison Hornung filed by Colonial Life, [R. 21]; the Motion for Dismissal and Discharge from Further Liability filed by Colonial Life, [R. 22]; and the Motion for Default Judgment against Hornung filed by Defendants and Cross-Claimants Matthew Hughes, Joshua Cahill, and Derek Hughes, [R. 23]. For the reasons set forth below, the Court will deny the Motion to Deposit Interpleader Funds; grant the Motions for Default Judgment; and grant in part and deny in part the Motion for Dismissal and Discharge from Further Liability.

I.  **BACKGROUND**

Colonial Life filed its complaint in this interpleader action on January 26, 2021, alleging that Lisa Curtsinger was enrolled for life insurance coverage under a group policy issued by Colonial Life to her former employer, and, upon Lisa Curtsinger's death, the defendants asserted competing claims to the life insurance proceeds. [R. 1] That same day, Colonial filed its Motion to Deposit Interpleader Funds, seeking leave to deposit the life insurance proceeds with the Court Registry. [R. 3]. Shortly thereafter, Defendants Derek Hughes, Matthew Hughes, and Joshua

Cahill filed their answer to the complaint and asserted a crossclaim against Hornung. [R. 6] Hornung was served on March 12, 2021, [R. 9], but failed to file an answer to the complaint or crossclaim or a response to the interpleader motion. *See also* [R. 15]. At the requests of Colonial Life and the Defendants/Cross-Claimants, the Clerk entered default against Hornung. [R. 13; R. 19] Colonial Life and the Defendants/Cross-Claimants now move for default judgment against Hornung. [R. 21, R. 23] Hornung has not responded to their motions.

In its Motion for Dismissal and Discharge from Further Liability, Colonial Life also asks the Court to either (1) grant the interpleader motion and direct Colonial Life to deposit the life insurance proceeds with the Registry of the Court or (2) direct Colonial Life to pay the life insurance proceeds directly to the three non-defaulting defendants in this action. [R. 22] Colonial Life requests that the Court then dismiss it from this action, discharge it from further liability, and enjoin any further claims related to the life insurance benefits at issue in this case. *Id.* No responses have been filed.

II.     ANALYSIS

Under Federal Rule of Civil Procedure 55(b), "[a] party must apply to the court for a default judgment" when an opposing party fails to plead or otherwise defend against a claim. Before the Court enters default judgment, there must be an entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a). In the present matter, Hornung has failed to plead or otherwise defend the claims and crossclaims against her, and the Clerk has entered default against her, [R. 13, R.19], as noted above. The Court will therefore grant the Motions for Default Judgment against Defendant Allison Hornung, [R. 21, R. 23].

The Court next turns to the Motion for Dismissal and Discharge from Further Liability, [R. 22]. As an initial matter, the Court considers the two-step process for interpleader claims:

> During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial.

*United States v. High Technology Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (internal citations omitted). With respect to the first step, the Court finds that it has jurisdiction to resolve this matter under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. *See Metro. Life Ins. Co. v. Marsh*, 119 F.2d 415, 418 (6th Cir. 1997). The Court further finds that there are competing claims to the life insurance proceeds such that Colonial Life is threatened with multiple liability. Further, the parties do not raise any equitable concerns that would prevent the use of interpleader in this case. Accordingly, the Court finds that Colonial Life has properly invoked interpleader in this case.

Having completed the first stage of this interpleader action, the Court would typically be tasked with determining the respective rights of the claimants. This would typically involve additional pretrial proceedings, discovery, and motions practice. *See High Technology Products*, 497 F.3d at 641; *Sun Life Assur. Co. of Canada v. Schindeldecker*, No. 3:15-00543, 2016 WL 699151, *2 (M.D. Tenn. Jan. 26, 2016). However, based upon the procedural history of this case, the Court finds that further proceedings are unnecessary. As noted above, default judgment will be entered against Hornung. As a result, she will no longer be able to defend the merits of this case, thereby eliminating her competing claim to the life insurance proceeds. *See Tex. Life Ins. Co. v. Robinson*, No. 5:18-cv-640-JMH, 2019 WL 2269911, *4 (E.D. Ky. May 28, 2019).

Recognizing this, Colonial Life has filed its Motion for Dismissal and Discharge from Further Liability, [R. 22]. No responses have been filed, and the Court therefore construes the

non-defaulting Defendants/Cross-Claimants as having no objection to the options presented in the motion. Additionally, in their Motion for Default Judgment, the Defendants/Cross-Claimants expressly request that the life insurance proceeds be transferred to them as the rightful beneficiaries of the life insurance policy at issue. [R. 23, p. 2] With the non-defaulting parties in agreement as to how the life insurance benefits should be distributed, the Court finds that it is unnecessary to deposit said funds into the Court Registry. *See Sun Life*, 2016 WL 699151, *3. Accordingly, the Court will grant Colonial Life's motion to the extent it seeks an order directing Colonial Life to pay the life insurance proceeds directly to the non-defaulting Defendants/Cross-Claimants. The interpleader motion, [R. 3], will therefore be denied as moot.

### III. CONCLUSION

For the reasons set forth above, the Court denies the Motion to Deposit Interpleader Funds; grants the Motions for Default Judgment; and grants in part and denies in part the Motion for Dismissal and Discharge from Further Liability.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Motion for Default Judgment against Defendant Allison Hornung filed by Colonial Life, [**R. 21**], is **GRANTED**.

2. The Motion for Default Judgment against Hornung filed by Defendants and Cross-Claimants Matthew Hughes, Joshua Cahill, and Derek Hughes, [**R. 23**], is **GRANTED**.

3. A separate judgment will follow addressing the default judgments against Defendant Allison Hornung.

4. The Motion for Dismissal and Discharge from Further Liability filed by Colonial Life, [**R. 22**], is **GRANTED IN PART** and **DENIED IN PART**.

a. Said motion is **GRANTED** to the extent it seeks an order directing Colonial Life to pay the life insurance proceeds directly to the non-defaulting Defendants/Cross-Claimants.

b. Said motion is **DENIED** to the extent it asks this Court to grant its interpleader motion.

5. Within **thirty (30) days** of the entry of this Order, Plaintiff Colonial Life **SHALL** deposit the life insurance benefits due and payable as a result of the death of Lisa Curtsinger under Group Policy No. G004359700 issued by Colonial Life to Service Master Clean, plus any applicable interest, to Defendants/Cross-Claimants Matthew Scott Hughes, Joshua Richard Cahill, and Derek Paul Hughes, as their counsel directs. Plaintiff Colonial Life and the Defendants/Cross-Claimants **SHALL** thereafter file a joint status report with the Court, advising that Colonial Life has completed the payment as directed.

6. Upon completion of these directives, the Court will enter a separate order discharging Plaintiff Colonial Life from liability in connection with the disbursement of the death benefit and enjoining Defendants from making any further claims for benefits against Colonial Life and from pursuing other action against Plaintiff Colonial Life arising out of the disbursement of the death benefit under the policy at issue.

7. The Motion to Deposit Interpleader Funds filed by Plaintiff Colonial Life, [R. 3], is **DENIED as moot**.

This the 17th day of June, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY